9684

OWINGS *ET AL.* v. SHAW *ET AL.*

(92 S. E. 474.)

1. CHATTEL MORTGAGES—RIGHT TO REMOVE CROP—EXPIRATION OF YEAR.
   —Under Civ. Code 1912, sec. 4106, providing that no mortgage of
   any crop shall be good, other than of crops to be raised during the
   year in which the mortgage is given, a mortgage on all crops to be

raised by tenant in 1914 gave mortgagee, as co-tenant, the right to enter and gather the crop in January, 1915, after condition broken.

2. CHATTEL MORTGAGES—RIGHT TO REMOVE CROP—EXPIRATION OF YEAR— RIGHTS OF THIRD PERSON.—Where plaintiff had by virtue of his mortgage the right as against defendant's tenant to enter and gather the crop after expiration of year, defendant, who had knowledge of the mortgage, could not defeat such right by securing from tenant a surrender of his lease.

Before HON. W. W. LEWIS, special Judge, Laurens, November, 1915.   Affirmed.

Action by M. J. Owings and others against T. M. Shaw and another.   Judgment for plaintiffs, and defendants appeal.

*Messrs. Dial & Todd,* for appellants, cite: *As to accord and satisfaction:* 1 Corpus Juris. 500; 1 R. C. L. 199, 200. *Crop mortgages:* Civil Code, sec. 4106.   *Tenancy at will:* 10 Pick. 205; 81 Ind. 382; 50 L. R. A. 300; 88 Am. St. Rep. 756.

*Messrs. Simpson, Cooper & Babb,* for respondent, cite: *As to accord and satisfaction:* 15 Rich. L. 327; 1 Am. St. Rep. 588.   *Removal of crops:* 103 Am. St. Rep. 745; 1 Washb. R. P. (4th ed.) 136; 41 Am. Rep. 131.

May 17, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

D. H. Counts leased certain lands from defendant, Shaw, for a term of five years, which expired December 31, 1915. On February 3, 1914, Counts gave plaintiffs his note for $20,000, due October 1, 1914, and secured same by mort-

FOOTNOTE.—Tenant's abandonment of crop as affecting rights and interests therein, see notes in 46 L. R. A. (N. S.) 53 to 59.

gage (besides other things) of all crops to be raised by him that year on the Shaw lands, and covenanted to harvest and deliver them to plaintiffs by October 1st. The mortgage was duly recorded. The condition thereof was broken. There is still due thereon about $13,000.

Counts failed to gather part of the cotton raised on the Shaw lands in 1914, and in January, 1915, plaintiffs undertook to gather what was left in the field, claiming the right to do so under their mortgage. Shaw objected, claiming that Counts had surrendered the remainder of his term and agreed that he should have the cotton left in the field in part satisfaction for his breach of the lease, or in part payment of the rent for 1915, and, further, that plaintiffs had no right to gather the cotton after the expiration of the year 1914. By agreement of the parties, which was to be without prejudice to their legal or equitable rights, the cotton was gathered and sold, and the net proceeds ($793.28) were placed in the hands of defendant, Owings, to hold pending the litigation.

The Circuit Court was right in holding that plaintiffs are entitled to the money. Appellant contends that, by an agreement in writing, dated January 9, 1915, between plaintiffs and a partnership of which Counts was a member, there was an accord and satisfaction of the debt of Counts to plaintiffs. The express condition of that agreement was that Counts should turn over to plaintiffs all the property covered by their mortgage, which included the cotton in dispute. Counts failed to perform the condition, and hence there was no satisfaction.

Section 4106, Civil Code 1912, says that no mortgage of any crops shall be good other than of crops to be raised during the year in which the mortgage is given. Appellant contends that the word "raised" means that the crops must be planted and harvested within the year in which the mortgage is given. That construction is too narrow. It would deny landlords and tenants the right to mortgage crops that are

planted in the fall and mature the next spring. The purpose of the act was to prevent the improvident act of mortgaging the crops of several years in advance.

As between mortgagor and mortgagee, the crop need not mature and be harvested within the calendar year in which the mortgage is given. Therefore, as between plaintiffs and Counts, the mortgage was good, and gave plaintiffs the right to enter and gather the cotton any time after condition broken, even after the expiration of the year 1914.

As between plaintiffs and Shaw, the latter, knowing of plaintiffs' mortgage, could make no contract with Counts for the surrender of his term which would defeat plaintiffs' rights, without first giving them reasonable time to gather the cotton left in the field. The question here is not whether, in every case, a tenant, or his mortgagee, may enter and gather crops left in the field after termination of the lease; but it is whether a landlord, who knows that his tenant has mortgaged his crops, can shorten the term by taking a surrender of the lease, and thereby defeat the rights of the mortgagee, without giving him reasonable time and opportunity to protect himself. Under the circumstances of this case, plaintiffs were entitled to enter and gather the cotton, and are entitled to the proceeds of the sale thereof.

Judgment affirmed